WINFREE, Justice,
concurring.
I agree with the court's analysis and decision as it addresses the issues litigated in the superior court and presented to us in this appeal. Alaska Civil Liberties Union v. State [1] mandates the result-we are bound to follow its precedent and neither the State of Alaska nor the Municipality of Anchorage contends that it should be overruled.
I write separately only to question whether the same result might have been achieved through a pure statutory interpretation analysis, even though it was not argued in the superior court or on appeal.
As we hold today, AS 29.45.030(e) requires that a person claiming a senior citizen or disabled veteran property tax exemption must have an ownership interest in the assessed residential real property. The tax exemption applies to the "real property owned and occupied as the primary residence and permanent place of abode" by an eligible person.[2] But nothing in AS 29.45.080(e) expressly limits the exemption to the percentage ownership held by the eligible applicant.[3] *670 And the connected regulation regarding the State's reimbursement to the Municipality provides that when the property is occupied by two or more persons who are not married, the exemption amount "applies only to the portion of the property permanently occupied by the eligible applicant ... as a place of abode." [4]
As noted in our comparison of a tenancy by the entirety and a tenancy in common,[5] absent an agreement to the contrary, tenants in common own undivided interests in real property and have an equal right to possess the entire property. Accordingly, if any two (or more) unmarried persons are tenants in common of residential real property used as their primary place of abode, each has the right to occupy 100% of the property; if one of those persons is an eligible applicant for the tax exemption, then it may be that the exemption applies to its fullest extent, just as if the only owners and occupiers were a husband and wife.
The factual anomaly here is that two of the unmarried couples in this case owned their primary residence as tenants in common, but the eligible applicant of each couple expressly stated in her application that she owned and occupied 50% of the property. It seems to me inconsistent that these couples could state they were in longterm, committed, marriage-like relationships while at the same time somehow splitting the occupancy of their residences into separate spheres. I suspect the statements about occupation were based on a misunderstanding of the law of common tenancy and undivided possession, and simply mirrored their (undivided) ownership interests.[6] Had the eligible applicants stated that they owned an undivided 50% and occupied 100% of the residential property, they may well have been entitled to the exemptions based on the express language of the statute and the related regulation.
From the record before us, it seems we are faced with the issues addressed in our decision because the parties all assume the senior citizen and disabled veteran tax exemption of AS 29.45.080(e) is limited to the eligible applicant's percentage ownership interest of the residence, except, due to 3 AAC 135.085(a), in the case of a residence owned and occupied by a married couple. And if that is true, then today's decision correctly addresses it. If, on the other hand, the statutory exemption is allowable in full with any amount of ownership and full occupation, then today's decision is unnecessary.

. 122 P.3d 781 (Alaska 2005).

. AS 29.45.030(e). Cf AS 29.45.160(b) (providing that real property assessments are "to the record owner" as reflected by the district recorder and that the person "listed as owner is conclusively presumed to be the legal record owner").

. Cf. id. The one sentence in this statutory provision that might suggest such a limitation states that "if two or more persons are eligible for an exemption for the same property, the parties *670 shall decide between or among themselves who is to receive the benefit of the exemption." But, as I have noted, this question was not litigated in the superior court or contested on appeal-without the benefit of briefing and analysis, it is difficult to determine what this language means.

. 3 Alaska Administrative Code (AAC) 135.085(c) (2012).

. Op. at 660 n. 69.

. I would be surprised if the same mistake were not made by eligible applicants who were married and holding title to their residence with their spouses as either tenants by the entirety or tenants in common.